[Cite as *Ohio Dept. of Job and Family Servs.*, 2026-Ohio-1708.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

BRENDA MILLER

    Appellant

v.

OHIO DEPARTMENT OF JOB AND
FAMILY SERVICES

    Appellee

C.A. No.    25AP0040

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2024-CVC-F-000423

DECISION AND JOURNAL ENTRY

Dated: May 11, 2026

---

HENSAL, Judge.

{¶1}    Brenda Miller appeals a decision of the Wayne County Court of Common Pleas that affirmed a decision of the Ohio Department of Job and Family Services ("ODJFS") that determined she was ineligible for Medicaid benefits. For the following reasons, this Court affirms.

I.

{¶2}    Ms. Miller has an account with the State Teacher's Retirement System ("STRS"), which is a defined benefit employers pension plan. The account contains over $5,700. Although Ms. Miller receives interest on the amount, she does not receive a monthly benefit payment because she does not have enough service credits. According to Ms. Miller, when she initially applied for Medicaid, she was told that she only had to report the interest payments as income.

{¶3}    In 2024, ODJFS notified Ms. Miller that it was terminating her benefits because of the cash-out balance of the STRS account. Ms. Miller requested a hearing, but the hearing officer determined that the account qualified as a resource and overruled her appeal. Ms. Miller requested

an administrative appeal, but ODJFS affirmed the hearing officer's decision. Ms. Miller appealed that decision to the common pleas court, but it also concluded that the STRS account qualified as resources and that Ms. Miller, therefore, is ineligible for benefits. Ms. Miller has appealed, assigning two errors.

## II.

### ASSIGNMENT OF ERROR I

DUE IN PART TO THE COMPLEX WORDING OF A LAW WRITTEN WITHOUT SUFFICIENT CLARITY, JUDGE TIMOTHY R. VANSICKLE'S DECISION AFFIRMING ODJFS'S CATEGORIZATION OF A TRADITIONAL PENSION PLAN AS A COUNTABLE RESOURCE IS AN ERROR.

**{¶4}** Ms. Miller argues that the common pleas court incorrectly applied the Ohio Administrative Code to her STRS account. She argues that the court should have determined whether the account qualified as income before evaluating whether it counted as a resource. She also argues that STRS defined pension benefit accounts should be treated as income. We review questions related to the interpretation and application of an administrative code section de novo. *Howell v. Ohio Dept. of Job & Family Servs.*, 2009-Ohio-1510, ¶ 29 (7th Dist.).

**{¶5}** Rule 5160:1-3-3.10 of the Ohio Administrative Code "describes how retirement funds are treated for the purpose of determining eligibility for medical assistance." Admin.Code 5160:1-3-03.10(A). Subsection (D)(1) provides that a retirement fund "shall be evaluated as a potential resource only after it is determined to not be income." At the time of the ODJFS's review of Ms. Miller's STRS account, subsection (C)(1) provided that "[a] retirement fund in which an individual has the legal ability to receive regular guaranteed lifetime payments will be treated as a source of unearned income rather than as a resource. A defined benefit employer pension plan is

an example of this type of retirement." Former Admin.Code 5160:1-3-03.10(C)(1) (effective Aug. 1, 2016).[1]

{¶6}   According to Ms. Miller, because her STRS account is a defined benefit employer pension plan, it qualifies as income. She also argues that her account is the type of account from which she could receive regular payments, even though she may not currently receive such payments. She further argues that this Court's analysis should focus on the general classification of a retirement fund, not on one specific account.

{¶7}   We understand Ms. Miller's argument about the language of Rule 5160:1-3-03.10(C)(1) but disagree with her interpretation of the rule. At the time ODJFS reviewed Ms. Miller's eligibility, the rule required "an individual" to have "the legal ability" to "receive regular guaranteed lifetime payments." Ms. Miller's STRS account did not meet those requirements. Because she does not have enough service credits to qualify under the terms of her plan, Ms. Miller does not receive regular guaranteed lifetime payments. Instead, she may only convert her account to cash. This is consistent with the classification of her account as a resource under subsection (D). Admin.Code 5160:1-3-03.10(D)(2) ("A retirement fund is a countable resource if the individual . . . has an ownership interest in the retirement fund and the legal ability to convert it to cash.").

{¶8}   Upon review of the record, we conclude that the trial court correctly determined that Ms. Miller's STRS account is a countable resource, not income. Ms. Miller's first assignment of error is overruled.

---

[1] Rule 5160:1-3-03.10(C)(1) was amended on March 1, 2026. It now provides that "[a] retirement fund in which an individual has the legal ability to receive regular, periodic payments, or guaranteed lifetime payments shall be treated as a source of unearned income." It no longer includes a sentence about defined benefit employer pension plans.

ASSIGNMENT OF ERROR II

THERE WERE MULTIPLE MISTAKES MADE BY ODJFS EMPLOYEES AND THE LACK OF ACCOUNTABILITY INCLUDE BUT ARE NOT LIMITED TO DIRECTLY USING RULES FOR IRAS ONLY, FOR A DEFINED BENEFIT PENSION PLAN, UNWILLINGNESS TO USE THE CORRECT NAME OF THE ACCOUNT, AND A FAIR HEARING THAT VIOLATED THE LAW.

{¶9} In her second assignment of error Ms. Miller argues that the common pleas court should have examined whether ODJFS's review of her administrative appeal was valid. She argues it was invalid because ODJFS affirmed an incorrect decision by the hearing officer and because she was not provided enough time for cross-examination at the initial hearing. She also argues that a transcript of the hearing was not provided and that ODJFS should not be allowed to affirm a decision if the record is incomplete. She further argues that it is unclear whether the individual who reviewed the hearing officer's decision is a licensed attorney and that the decision improperly refers to the standard for Individual Retirement Accounts. According to Ms. Miller, the common pleas court incorrectly found that the relevant facts were not in dispute and made findings that are irrelevant.

{¶10} ODJFS argues that this Court should decline to address some of Ms. Miller's arguments because she did not raise them to the common pleas court. In her reply brief, Ms. Miller argues that she did raise the issues. Regarding whether she was provided enough time for cross-examination, however, Ms. Miller only noted that she had argued to ODJFS that the hearing officer did not provide enough time to ask questions of department employees. She did not raise this as a reason that the denial of her administrative appeal was incorrect. Similarly, she did not argue to the common pleas court that the denial of her administrative appeal should be reversed because she was not provided a transcript, because the record was incomplete, or because of the credentials of the individuals who reviewed her administrative appeal. We, therefore, conclude that Ms.

Miller has not preserved these arguments. *See Karvo Cos., Inc. v. Dept. of Transp.*, 2019-Ohio-4556, ¶ 32 (9th Dist.).

{¶11} The remaining arguments from Ms. Miller's second assignment of error are whether the common pleas court erred because it upheld an incorrect decision or because it made irrelevant findings of fact. This Court has already concluded that the common pleas court and ODJFS correctly determined that Ms. Miller's STRS account is a countable resource instead of income. Regarding the common pleas court's findings of fact, a review of its decision indicates that it did not make independent findings but only examined whether ODJFS's findings were supported by reliable, probative, and substantial evidence. Even if some of the agency's findings were not relevant to the issue of whether her STRS account is income or resources, Ms. Miller has not established prejudice. Her second assignment of error is overruled.

III.

{¶12} Ms. Miller's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P.J.
STEVENSON, J.
CONCUR.

APPEARANCES:

BRENDA MILLER, pro se, Appellant.

DAVE YOST, Attorney General, and KELLY RANTTILA RICHARDSON, Assistant Attorney General, for Appellee.